**STATE of Utah, Plaintiff and Appellee,**

v.

**Greg Alan HEWITT, Defendant and Appellant.**

**No. 910335–CA.**

Court of Appeals of Utah.

Nov. 12, 1992.

G. Fred Metos, Salt Lake City, for defendant and appellant.

R. Paul Van Dam and Todd A. Utzinger, Salt Lake City, for plaintiff and appellee.

Before BILLINGS, JACKSON and RUSSON, JJ.

## OPINION

RUSSON, Judge:

Greg Alan Hewitt appeals his convictions of possession of a controlled substance with intent to distribute, a third degree felony, in violation of Utah Code Ann. § 58–37–8(1)(a)(iv) (Supp.1992), and of failure to pay the illegal drug stamp tax, a third degree felony, in violation of Utah Code Ann. §§ 59–19–101 to –107 (1992). We reverse and remand.

On April 9, 1990, Utah Highway Patrol Officer Elwin Slagowski stopped Hewitt's vehicle for speeding. When he approached the vehicle, he noticed that there was nothing in the vehicle except a coat and a road map. He asked Hewitt for his driver's license and the vehicle registration. Hewitt produced a Florida driver's license and a rental agreement for the vehicle in the name of Oscar Salas, with Hewitt named as an alternate driver.

Officer Slagowski proceeded to question Hewitt about his travel itinerary, the lack of luggage in his car, whether he was carrying any large sums of money, and whether he had any contraband in the car. Hewitt became nervous during the course of the questioning, and Officer Slagowski again asked him whether he had any contraband in the vehicle. Hewitt replied "no," and added in a low voice, "Do you want to look?" Officer Slagowski responded, "Sure, how about opening the trunk?," and indicated that Hewitt should get out of the vehicle.

After Hewitt exited the vehicle, he said that he didn't know if he should open the trunk because his friend may not want him to do so. Officer Slagowski said, "What's your friend got to do with this?," to which Hewitt replied, "Well, it's his car." Officer Slagowski then asked, "What's the problem? What's in there to hide? What's your friend got to do with this?," and added, "What do you have to hide in this trunk?" Hewitt responded, "Nothing," and opened the trunk.

The trunk contained two gym bags, a plastic bag that contained clothing, and a suitcase. Hewitt indicated that the two gym bags belonged to his friend. Officer Slagowski pointed to the larger of the two gym bags and said, "Why don't you open this large bag?" When Hewitt responded that he didn't know if his friend wanted him to do so, Officer Slagowski again asked him, "Why not? What does your friend have to hide? What's wrong here?" Hewitt did not respond, but opened the bag, which contained several brick-like packages of marijuana.

Prior to trial, Hewitt moved to suppress the marijuana as evidence seized in violation of his rights under the Fourth Amendment to the United States Constitution and article I, section 14 of the Utah Constitution, which motion was denied. Hewitt was subsequently tried and convicted of possession of a controlled substance with intent to distribute and failure to pay the illegal drug stamp tax.

Hewitt appeals those convictions, arguing that his fourth amendment rights were

violated because (1) Officer Slagowski lacked a reasonable articulable suspicion to detain him beyond the initial purposes of the stop for a traffic violation, and (2) he did not voluntarily consent to the search of the vehicle.[1]

The State concedes that Hewitt's convictions must be reversed and remanded because: (1) Hewitt's nervous behavior was insufficient to give Officer Slagowski a reasonable articulable suspicion to detain him once the initial purposes of the traffic stop were completed, under *State v. Robinson*, 797 P.2d 431, 436 (Utah App.1990);[2] and (2) Hewitt did not voluntarily consent to the search of the vehicle, pursuant to *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); and *Robinson*, 797 P.2d at 436–38. Accordingly, Hewitt's convictions are reversed and remanded for further proceedings consistent with this opinion.

BILLINGS and JACKSON, JJ., concur.

---

1. Hewitt also argues that any consent given to search the vehicle lacked attentuation from the initial stop, making the evidence seized inadmissible, and that article I, section 14 of the Utah Constitution requires that his consent to search be knowing, as well as voluntary. Because of our resolution of the issues above, we need not address Hewitt's argument on these issues.

2. *Accord State v. Lovegren*, 829 P.2d 155, 158 (Utah App.1992); *State v. Godina–Luna*, 826 P.2d 652, 655 (Utah App.1992).